**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-7859**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

   v.

LOUIS ANTONIO BRYANT, a/k/a Tinio, a/k/a Black, a/k/a B
Stacks,

     Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of Virginia, at Charlottesville.   Norman K. Moon,
Senior District Judge.  (3:04-cr-00047-NKM-RSB-1; 3:13-cv-80668-
NKM)

_____

Submitted:  February 11, 2014      Decided:  February 25, 2014

_____

Before MOTZ, FLOYD, and THACKER, Circuit Judges.

_____

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

_____

Louis Antonio Bryant, Appellant Pro Se.  Ronald Mitchell Huber,
Assistant United States Attorney, Charlottesville, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Louis Antonio Bryant seeks to appeal the district court's order denying his motion for reconsideration, denying as moot his motion to compel and treating his "Addendum to § 2255" as a successive 28 U.S.C. § 2255 (2012) motion, and dismissing it for lack of authorization from this court.

We affirm that part of the district court's order denying reconsideration and denying as moot the motion to compel on the reasoning of the district court. United States v. Bryant, Nos. 3:04-cr-00047-NKM-RSB-1; 3:13-cv-80668-NKM (W.D. Va. Oct. 29, 2013).

That part of the district court's order denying the "Addendum to § 2255" as a second or successive § 2255 motion is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the

2

prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. <u>Slack</u>, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Bryant has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Bryant's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. <u>United States v. Winestock</u>, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h) (2012). Bryant's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

3

before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART